Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
***Attorneys for Plaintiff***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN THYNE, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| WYNDHAM HOTELS AND RESORTS, LLC d/b/a VIVA GREAT VACATIONS, and DOES 1 through 10, inclusive, and each of them, | 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b) |
| Defendants. | 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(b) |
| | 3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) |
| | 4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227(c) |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff KATHRYN THYNE ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of WYNDHAM HOTELS AND RESORTS, LLC d/b/a VIVA GREAT VACATIONS ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.    Jurisdiction is proper under *28 U.S.C. § 1331* because Plaintiff alleges violations of federal law, in particular the Telephone Consumer Protection Act, *47 U.S.C. § 227 et seq.*

3.    Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the State of California and the calls at issue were transmitted within the County of Los Angeles.

## PARTIES

4.    Plaintiff, Kathryn Thyne ("Plaintiff"), is a natural person residing in Studio City, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5.    Defendant, WYNDHAM HOTELS AND RESORTS, LLC d/b/a VIVA GREAT VACATIONS is a telemarketer who sells hotel and timeshare packages, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants."  The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are

currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

8.    Beginning in or around December 26, 2017, Defendants contacted Plaintiff on Plaintiff's cellular telephone numbers ending in -2196, in an attempt to solicit Plaintiff to purchase Defendants' services.

9.    When Plaintiff picked up a call from Defendants, there was a long delay prior to an audible clicking noise and Defendants' agent coming on the phone.  At this point, Defendants' agents indicated that she was calling from Viva Great Vacations, which is a timeshare brand of Wyndham.

10.    Defendants used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff seeking to solicit its products.

11.    Additionally, Plaintiff's telephone number ending in -2196 has been registered on the National Do-Not-Call List since 2008.

12.    Despite this, Defendants continued to call Plaintiff in an attempt to solicit its services and in violation of the Do-Not-Call provisions of the TCPA thus repeatedly violating Plaintiff's privacy.

13.    Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

14.     Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

15.     During all relevant times, Defendants did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

16.     Additionally, based off the pattern and content of the calls, Plaintiff alleges that Defendants did not have in place procedures for not calling individuals on the national do-not-call registry for telemarketing purposes in violation of *47 U.S.C. § 227(c)*, which incorporates the provisions of *47 C.F.R. 64.1200(d)*.

17.     Through this action, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

18.     Defendants' calls forced Plaintiff and class members to live without the utility of their cellular phones by forcing Plaintiff and class members to silence their cellular phones and/or block incoming numbers.

## CLASS ALLEGATIONS

19.     Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

20.    Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any collection telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

21.    Defendants, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

22.    Additionally, Plaintiff represents, and is a member of, the Do-Not-Call Class ("the DNC Class, and together with The Class, "The Classes"), consisting of:

> All persons within the United States whose telephone numbers were listed on the National Do-Not-Call Registry, but who received calls by or on behalf of Defendants for the purpose of promoting the sale of Defendants' products or services within the four years prior to the filing of this Complaint

23.    The Classes are so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members.  Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendants.

24.    Plaintiff and members of The Classes were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiff and Classes members via their cellular telephones thereby causing Plaintiff and Classes members to incur certain charges or reduced telephone time for which Plaintiff and Classes members had previously

paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and Classes members.

25.    Common questions of fact and law exist as to all members of The Classes which predominate over any questions affecting only individual members of The Classes.  These common legal and factual questions, which do not vary between Classes members, and which may be determined without reference to the individual circumstances of any Classes members, include, but are not limited to, the following:

a.    Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Defendants placed calls with artificial voices or using an automatic telephone dialing system in violation of *47 U.S.C. § 227(b)*;

c.    Whether Defendants failed to maintain adequate procedures to comply with the National Do-Not-Call Registry and placed calls to individuals registered on the National Do-Not-Call Registry for whom they had no prior business relationship;

d.    Whether Plaintiff and the Classes members were damaged thereby, and the extent of damages for such violation; and

e.    Whether Defendants should be enjoined from engaging in such conduct in the future.

26.    As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, and in violation of the Do-Not-Call Provisions of the TCPA, Plaintiff is asserting claims that are typical

of The Classes.

27.     Plaintiff will fairly and adequately protect the interests of the members of The Classes.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

28.     A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable.  Even if every Classes member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

29.     The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

30.     Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(b)

*Individually and on behalf of the Class*

31.     Plaintiff repeats and incorporates by reference into this cause of

1   action the allegations set forth above at Paragraphs 1-30.

2       32.     The foregoing acts and omissions of Defendants constitute numerous

3   and multiple negligent violations of the TCPA, including but not limited to each

4   and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

5       33.     As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*,

6   Plaintiff and the Class Members are entitled an award of $500.00 in statutory

7   damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

8       34.     Plaintiff and the Class members are also entitled to and seek

9   injunctive relief prohibiting such conduct in the future.

10              **SECOND CAUSE OF ACTION**

11   **Knowing and/or Willful Violations of the Telephone Consumer**

12                     **Protection Act**

13                   **47 U.S.C. §227 et seq.**

14          *Individually and on behalf of the Class*

15       35.     Plaintiff repeats and incorporates by reference into this cause of

16   action the allegations set forth above at Paragraphs 1-30.

17       36.     The foregoing acts and omissions of Defendants constitute numerous

18   and multiple knowing and/or willful violations of the TCPA, including but not

19   limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*.

20       37.     As a result of Defendants' knowing and/or willful violations of *47

21   U.S.C. § 227(b)*, Plaintiff and the Class members are entitled an award of

22   $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C.

23   § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

24       38.     Plaintiff and the Class members are also entitled to and seek

25   injunctive relief prohibiting such conduct in the future.

26   ///

27   ///

28   ///

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

*Individually and on behalf of the DNC Class*

39.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

40.    The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c).*

41.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5).*

42.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

*Individually and on behalf of the DNC Class*

43.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

44.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c).*

45.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5).*

46.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

### THIRD CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(1),* Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation,

pursuant to *47 U.S.C.  227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

## **FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(1)*, Plaintiff and the DNC Class members are entitled to  and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

47.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 25th Day of May, 2018.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff